UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE L. CRISP, III, | No. 2:17-cv-2431 KJN P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT KERNAN, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a former state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1    As set forth below, plaintiff's complaint is dismissed with leave to amend.

II. Screening Standards

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

////

////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Although supervisory government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior, Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), they may be individually liable under Section 1983 if there exists "either (1) [the supervisor's] personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). A plaintiff must also show that the supervisor had the requisite state of mind to establish liability, which turns on the requirement of the particular claim -- and, more specifically, on the state of mind required by the particular claim -- not on a

////

generally applicable concept of supervisory liability. Oregon State University Student Alliance v. Ray, 699 F.3d 1053, 1071 (9th Cir. 2012).

III. Plaintiff's Allegations

In the instant complaint, plaintiff alleges that seven defendants, including the Secretary of the CDCR, and the Warden of CHCF, conspired to prevent him from seeking relief under Proposition 57 by barring his access to the administrative appeals process, threatening to set him up, retaliating against him, and impeding his access to the courts. Plaintiff includes myriad state law causes of action. Plaintiff also refers to Exhibits A - D, but no exhibits were provided.

IV. Discussion

First, it is unclear that plaintiff can state a cognizable civil rights claim. Proposition 57 changed California parole eligibility rules by adding section 32 to article I of the California Constitution, which provides:

> (a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law:
>
> (1) Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.
>
> (A) For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence.
>
> (2) Credit Earning: The Department of Corrections and Rehabilitation shall have authority to award credits earned for good behavior and approved rehabilitative or educational achievements.
>
> (b) The Department of Corrections and Rehabilitation shall adopt regulations in furtherance of these provisions, and the Secretary of the Department of Corrections and Rehabilitation shall certify that these regulations protect and enhance public safety.

Cal. Const., art. I, § 32. Section 32(a)(1), quoted above, states that a person convicted of a nonviolent felony is eligible for parole consideration after completing the full term for their primary offense. Section 32(a)(2) states that the full term of the primary offense means the

////

longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence or alternative sentence.

Importantly, Section 1983 provides a remedy only for violation of the Constitution or law or treaties of the United States, not state law. Swarthout v. Cooke, 562 U.S. 216, 222 (2011) (the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts). State courts "are the ultimate expositors of state law." Mullaney v. Wilbur, 421 U.S. 684, 691 (1975).

Here, plaintiff includes no facts about his conviction or sentence. Thus, it is unclear whether plaintiff was only convicted of a nonviolent felony, or whether he had completed the full prison term for such primary offense. Moreover, Proposition 57 provided for parole *consideration*; in other words, Proposition 57 did not guarantee plaintiff an earlier release. Therefore, it is also unclear whether plaintiff sustained an actual injury that would provide him standing to pursue a civil rights action. In addition, the proposition did not include a deadline; rather, the proposition required that regulations would be adopted and certified to further the new provisions, which suggest the proposition would not become effective immediately. But even assuming, *arguendo*, plaintiff's release under Proposition 57 was delayed, it does not appear such allegation would state a cognizable civil rights claim because it would constitute a violation of state law, not federal law.

Further, in order to state a viable access to the courts claim, plaintiff must show that "a non-frivolous legal claim" was frustrated or impeded. Lewis v. Casey, 518 U.S. 343, 351-53 (1996). Prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. at 346; Bounds v. Smith, 430 U.S. 817, 821 (1977), limited in part on other grounds by Lewis, 518 U.S. at 354. The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. See Lewis, 518 U.S. at 353 n.3, 354-55. In order to frame a claim of a denial of the right to access the courts, a prisoner must establish that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. Lewis, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at

348 (citation and internal quotations omitted); see also Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials) (citing Lewis, 518 U.S. at 353 & n.4). Plaintiff was able to bring the instant action; thus, it is unclear whether he sustained an actual injury in connection with this claim in the amended complaint.

Second, plaintiff's due process claims are similarly unavailing.

The Due Process Clause of the Fourteenth Amendment does not provide any right "to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Swarthout, 562 U.S. at 220. When a state enacts a statutory scheme allowing parole, however, the state creates a liberty interest and "the Due Process Clause requires fair procedures for its vindication." Id. The liberty interest at issue here is the interest in receiving parole consideration when the California standards for parole have been met, and the minimum procedures adequate for due-process protection of that interest. Swarthout, 562 U.S.at 221. In the context of parole, the Supreme Court has held that the procedures required are minimal. Swarthout, 562 U.S. at 220 (internal citations omitted); see also Miller v. Oregon Bd. of Parole and Post–Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in Cooke that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision. . . .").

It does not appear that there is mandatory language in Proposition 57 creating a constitutionally protected liberty interest in parole eligibility, of which plaintiff cannot be deprived without due process. Compare Miller, 642 F.3d 711 (holding that Oregon's murder review statute creates a liberty interest in early parole eligibility). Parole consideration of a person who is eligible under Proposition 57 is discretionary and is a matter of state law. Plaintiff may not "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (citations omitted). The violation of state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Nonetheless, the court will grant plaintiff leave to amend

to allege that the minimum procedures were not met, to the extent plaintiff can do so in good faith.

Further, plaintiff has no due process right to the administrative appeal system. The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). However, plaintiff has no stand-alone due process rights related to the administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). A prison official's denial of a grievance does not itself violate the constitution. Evans v. Skolnik, 637 Fed. Appx. 285, 288 (9th Cir. 2015), cert. dism'd, 136 S. Ct. 2390 (2016). Thus, the denial, rejection, or cancellation of a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Here, plaintiff confirms that he filed a 602 appeal, No. D-17-00072, concerning his Proposition 57 claim. Plaintiff has no due process right to a particular resolution of such appeal.

Third, plaintiff alleges no facts demonstrating an equal protection violation. The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). To state a claim under the Equal Protection Clause for a member of a protected class, a plaintiff must demonstrate that (1) he is a member of a protected class and (2) that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998). A mental disability is not a quasi-suspect classification. City of Cleburne, Tex., 473 U.S. at 442. Although disabled persons do not constitute a suspect class, the Equal Protection Clause prohibits

irrational and invidious discrimination against them. Dare v. Cal., 191 F.3d 1167, 1174 (9th Cir. 1999). The disabled plaintiff must have been treated differently than others similarly situated, by reason of the plaintiff's classification. Lee, 250 F.3d at 687. "'Discriminatory purpose'. . . implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." Personnel Adm'r of Mass. v. Feeney, 442 U.S. 256, 279 (1979) (internal citation omitted).

Fourth, allegations of mere threats are not cognizable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

Fifth, plaintiff fails to allege facts demonstrating a conspiracy. A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (9th Cir. 2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555. A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ." Id. (internal quotations and citations omitted); see Iqbal, 129 S. Ct. at 1949. As such, a bare

////

allegation that defendants conspired to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under § 1983.

Sixth, in order to state a cognizable retaliation claim, plaintiff is advised of the following. "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

If plaintiff chooses to renew a retaliation claim, he must link each defendant to the alleged retaliatory conduct, and provide facts supporting each element required under Rhodes.

Seventh, as to plaintiff's state law claims, the following standards apply:

The Court may exercise supplemental jurisdiction over state law claims in any civil action in which it has original jurisdiction if the state law claims form part of the same case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Furthermore, to bring a tort claim under California law, a plaintiff must allege compliance with the California Government Claims Act ("CGCA"). Under the CGCA, a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board ("VCGCB") within six months of accrual of the action. Cal. Govt. Code §§ 905, 911.2(a), 945.4 & 950.2; see also, Klein v. City of Laguna Beach, 533 Fed. Appx. 772, 774 (9th Cir. 2013) (dismissing claims for failure to comply with the California Government Claims Act). Failure to demonstrate such compliance

////

constitutes a failure to state a cause of action and will result in the dismissal of state law claims. State of California v. Superior Court (Bodde), 32 Cal. 4th 1234, 1240 (2004).

Finally, plaintiff names doe defendants in his complaint. The Ninth Circuit has held that where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). However, plaintiff does not identify each doe defendant and his or her alleged act or omission which plaintiff contends violated his constitutional rights. This lack of information is insufficient to put prospective defendants on notice of their alleged actions or omissions that plaintiff claims violate his federal rights. In order to link these doe defendants to the alleged acts or omissions that demonstrate a violation of plaintiff's federal rights, plaintiff is granted leave to amend, to either name the defendants involved or more specifically list the doe defendants involved. If plaintiff can only list these defendants as John Doe, plaintiff must identify the John Doe as best as possible, and allege specific acts that these doe defendants did, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y." Plaintiff is reminded that "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

For all of the above reasons, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Indeed, plaintiff includes a host of paragraphs identifying various legal definitions that are not necessary in a complaint. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply

with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint. Plaintiff shall file any amended complaint on the form provided.

V. Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo, 423 U.S. at 371. Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d at 743. Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff may not assert unrelated claims against unrelated parties in the same complaint. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). A plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

VI. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

4. The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: June 7, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cris2431.14

|     |     |
| --- | --- |
| UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF CALIFORNIA | |
| OBIE L. CRISP, III,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-2431 KJN P<br><br>NOTICE OF AMENDMENT |

　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　_____　　　　Amended Complaint
DATED:

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Plaintiff